JOURNAL ENTRY and OPINION
Defendant-appellant Lorenzo Harrison appeals his conviction for aggravated arson entered after a jury trial. We find no merit to the appeal and affirm.
Harrison was indicted on two counts of aggravated arson for the alleged fire bombing of a home. Count One charged Harrison with aggravated arson involving substantial risk of harm to a person. Count Two charged Harrison with aggravated arson involving physical harm to a structure. Harrison entered a plea of not guilty and the matter proceeded to a jury trial.
Jacques Hines testified that she and Harrison have a six-year-old daughter. On July 24, 1999, they had an argument regarding their daughter and later that day when she returned to her home located on East 116th Street, she discovered that her car windows had been broken. Harrison called her shortly after her discovery and told her he was coming over to talk. She testified that Harrison's cousin lives on Edmunds, which is the same street where her mother's boyfriend, Ronald Hale, lives.
Ronald Hale testified that he lived at 9608 Edmunds with his brother, Delano. He testified that Harrison was aware that he lived on Edmunds because Harrison had seen him in front of his house. He stated he went over to Hines' house around 9:00 P.M. because he had been told about the broken windows. He spoke to Harrison on the telephone and Harrison admitted breaking the windows and told him that he would break the windows again if Hale replaced them. The two men argued and Harrison threatened Hale that he was going to come over and make him a new ass hole, old man.
About an hour later, Hale saw Harrison driving a beige van with paneled siding but when Hale came out to confront him, he drove off. He then returned and sped down the street again. About five minutes later, Delano Hale called his brother, Ronald, and told him that someone in a van had thrown a Molotov cocktail at their house. When Ronald Hale returned home, he saw that the porch banister and steps were burned.
Delano Hale testified that he lived at 9608 Edmunds with his brother, Ronald. On the night of July 24 he was sitting on the porch when he saw a gray van with brown paneling stop in front of the house and blow its horn. Someone exited the van and threw a Molotov cocktail towards the steps where Delano was sitting. He was unable to see the thrower's face because it was very dark outside, but he noted that the person was wearing a brown or gold shirt with black dots. He described the person as being five feet eleven inches to six feet tall and weighing about 160 pounds. He also noted that the perpetrator had bushy hair and a light-brown complexion. He had never met Lorenzo Harrison before, but he testified that Harrison was about the same build and had the same complexion as the perpetrator.
The jury found Harrison guilty of aggravated arson involving physical harm to an occupied structure, but not guilty of aggravated arson involving substantial risk of harm to Delano Hale. The trial court sentenced Harrison to the minimum sentence of two years incarceration.
Harrison appeals, assigning four assignments of error.
 I. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT WHEN IT ALLOWED THE JURY TO HEAR TESTIMONY ABOUT VANDALISM CAUSED TO A VEHICLE WHEN SAID VEHICLE WAS NOT THE SUBJECT OF THE PENDING CHARGE AGAINST THE APPELLANT.
Harrison argues that the trial court improperly allowed Hines to testify, over objection, to Harrison's shooting out the windows of her vehicle. He contends that this evidence was both prejudicial and irrelevant.
Evid.R. 404(B) reads as follows:
(B) Other crimes, wrongs or acts.
 Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.
R.C. 2945.59 states:
 In any criminal case in which the defendant's motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing an act is material, any acts of the defendant which tend to show his motive or intent, the absence of mistake or accident on his part or the appellant's scheme, plan, or system in doing the act in question may be proved, whether they are contemporaneous with or prior or subsequent thereto, notwithstanding that such proof may show or tend to show the commission of another crime by the defendant.
In the instant case, the fact that Harrison broke the windows of Hines' car was relevant because it supported the theory that he was the one who threw the Molotov cocktail at Hale's home. The evidence at trial indicated that Harrison admitted to Ronald Hale that he broke Hines' car windows. The two men argued, Harrison threatened Hale, and shortly thereafter, the Molotov cocktail was thrown at Hale's house. The heated argument regarding the broken windows also showed Harrison's motive or intent in targeting Hale's home.
Since identity, motive, and intent are exceptions to the inadmissibility of other bad act evidence, the trial court did not err in allowing the evidence.
Harrison's first assignment of error is overruled.
 II. THE TRIAL COURT ERRED IN DENYING APPELLANT'S TRIAL COUNSEL'S RULE 29 MOTION FOR A DIRECTED VERDICT OF ACQUITTAL.
 III. APPELLANT'S CONVICTION BY THE JURY IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN THAT THE STATE FAILED TO PROVE BEYOND A REASONABLE DOUBT ALL OF THE ESSENTIAL ELEMENTS OF THE CRIME OF AGGRAVATED ARSON.
Harrison argues that his conviction was not supported by sufficient evidence and was against the weight of the evidence, because the person who committed the arson was not identified by Delano Hale, the only eyewitness.
The standard of review with regard to the sufficiency of evidence is set forth in State v. Bridgeman (1978), 55 Ohio St.2d 261, syllabus:
 Pursuant to Criminal Rule 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt.
See, also, State v. Apanovitch (1987), 33 Ohio St.3d 19, 23; State v. Davis (1988), 49 Ohio App.3d 109, 113. Bridgeman must be interpreted in light of the sufficiency test outlined in State v. Jenks(1991),61 Ohio St.3d 259, paragraph two of the syllabus, in which the Ohio Supreme Court held:
 An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence submitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. (Jackson v. Virginia [1979], 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560, followed.)
When the argument is made that the conviction is against the manifest weight of the evidence, the appellate court is obliged to consider the weight of the evidence, not its mere legal sufficiency. The defendant has a heavy burden in overcoming the fact finder's verdict. As this court has stated:
 The weight to be given evidence and the credibility of witnesses are determinations to be made by the triers of fact. State v. Thomas (1982), 70 Ohio St.2d 79, 24 O.O.3d 150, 434 N.E.2d 1356. If there was sufficient evidence for the triers of fact to find defendant guilty beyond a reasonable doubt this court will not reverse a guilty verdict based on manifest weight of the evidence.
 State v. Brown (1988), 38 Ohio St.3d 305, 528 N.E.2d 523, paragraph four of the syllabus, certiorari denied (1989), 489 U.S. 1040, 109 S.Ct. 1177, 103 L.Ed.2d 239.
State v. Rios (1991), 75 Ohio App.3d 288, 291. See, also, State v. Jenks (1991), 61 Ohio St.3d 259, 273.
A review of the record indicates that there was sufficient evidence presented linking Harrison to the crime. Although it is true that Delano Hale could not identify Harrison as the arsonist, his description of the arsonist's build and complexion did match Harrison's. Hale could not identify the face of the arsonist due to the darkness outside at the time of the offense.
Hale described the arsonist's van as being gray with wood paneling. Although his brother, Ronald, described Harrison as driving a beige van with wood paneling, given the lighting at the crime scene, the discrepancy between gray and beige is not significant. Furthermore, the verbal altercation between Ronald Hale and Harrison prior to the arson, in which Harrison threatened Hale, in conjunction with the physical description of the arsonist and the van, was sufficient to identify Harrison as the arsonist.
Harrison's second and third assignments of error are overruled.
 IV. APPELLANT DID NOT HAVE THE EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE UNITED STATES AND OHIO CONSTITUTIONS.
Harrison contends that his counsel was ineffective because he failed to file a motion for a new trial.
This court reviews a claim of ineffective assistance of counsel under the two-part test set forth in Strickland v. Washington (1984),466 U.S. 668. Under Strickland, a reviewing court will not deem counsel's performance ineffective unless a defendant can show his lawyer's performance fell below an objective standard of reasonable representation and that prejudice arose from the lawyer's deficient performance. State v. Bradley (1989), 42 Ohio St.3d 136, paragraph one of syllabus. To show prejudice, a defendant must prove that, but for his lawyer's errors, a reasonable probability exists that the result of the proceedings would have been different. Id. at paragraph two of syllabus. Judicial scrutiny of a lawyer's performance must be highly deferential. State v. Sallie (1998), 81 Ohio St.3d 673, 674.
Harrison fails to allege any grounds for a new trial. If he is alleging grounds or reasons other than those set forth in his assignments of error, then he bears the burden of setting forth those grounds and demonstrating that he has a plausible claim. Reviewing the record and the briefs, we do not find that he was entitled to a new trial. Therefore, he has failed to show that counsel's failure to file a motion for a new trial prejudiced him in any manner.
The fourth assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DIANE KARPINSKI, A.J., and ANNE L. KILBANE, J., CONCUR